# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

NICK YARRITO                                                           PETITIONER

V.                                                                NO. 1:07CR098-NBB

UNITED STATES OF AMERICA                                    RESPONDENT

## MEMORANDUM OPINION

Presently before the court is the Petitioner's Motion to Vacate under to 28 U.S.C. § 2255. Having reviewed the petition, the court finds that the matter is untimely.

### A. *Factual Background*

On September 3, 2008, after pleading guilty to possession of a controlled substance with intent to distribute, Yarrito was sentenced to 120 months imprisonment. Judgment was entered on September 19, 2008. Yarrito did not appeal his sentence. More than two years later, Yarrito filed this 2255 motion.

### B. *Statute of Limitation*

A prisoner incarcerated by order of a federal court has one year to attack the constitutionality of his sentence. 28 U.S.C. § 2255. The statute provides:

> The limitation period shall run from the latest of–
>    (1) the date on which the judgment of conviction becomes final;
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

*C. Discussion*

As noted above, judgment was entered on September 19, 2008. Since Yarrito did not pursue an appeal, his conviction became final ten[1] days later on September 29, 2008. In order to be timely, his § 2255 motion should have been filed on or before September 29, 2009. The Petitioner did not file his motion to vacate until June 20, 2011, more than one year and eight months too late. Therefore, the motion is barred by the one-year statute of limitation unless one of the other three circumstances described in § 2255(f)(2) through (4) is applicable.

The Petitioner, however, does not allege any impediment to submitting the motion or that the Government prevented him from seeking relief. Nor is his motion based on any facts that were not readily apparent at the time he was sentenced. Consequently, the Petitioner's § 2255 motion is untimely.

Rare and exceptional circumstances may nevertheless warrant the application of equitable tolling to an untimely filed habeas petition. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Furthermore, ignorance of the law and "garden variety claims of excusable neglect, do not warrant the application of equitable tolling." *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000). While not expressly asserted by Yarrito in his motion, there is no equitable basis for extending the limitations period. Accordingly, Yarrito's habeas petition is barred by the one-year statute of limitation and the doctrine of equitable tolling will not be used to breath new life into his claims.

*D. Conclusion*

The Petitioner has failed to demonstrate that the sentence imposed upon him should be vacated. His petition is untimely and shall be barred by the one-year limitations period provided

---

[1] In 2008, Federal Rule 4(b) of Appellate Procedure allowed ten days. The Rule has since been amended to a fourteen day period for criminal appeals.

under 28 U.S.C. § 2255(f). Therefore, for the foregoing reasons, Petitioner's Motion to Vacate Sentence is denied.

A final judgment in accordance with this opinion will be entered.

THIS the 18th day of August, 2011.

*/s/ Neal Biggers*
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE